## SORIANO *v.* UBARRI.

### APPEAL from the District Court of San Juan.

No. 95.—Decided March 25, 1904.

ACTION IN FORMA PAUPERIS.—In order that the benefits of prosecuting an action *in forma pauperis* after the institution thereof may be granted, it is necessary for the plaintiff to prove fully that he has become poor after having brought his action.

ID.—*Held,* in view of the facts of this case, that the plaintiff is entitled to litigate as a poor person, under article 24 of the Law of Civil Procedure, providing that this privilege shall not be granted him unless he proves that he has become poor after the commencement of the action.

### STATEMENT OF THE CASE.

A hearing was had of the petition filed in the District Court of San Juan by Isaac Soriano, requesting permission to prosecute as a poor person his suit against Pablo Ubarri Iramategui, which case is pending before us on appeal taken by the petitioner from the decision rendered by the district court, which reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, June 29, 1903. An oral and public hearing was had of a petition filed by Isaac Soriano, represented by Attorney Luis Freyre Barbosa, requesting permission to prosecute *in forma pauperis* his suit against Pablo Ubarri Iramategui, likewise represented by Attorney Hilario Cuevillas Hernández.

"Isaac Soriano filed a petition requesting permission to prosecute as a poor person his action against Pablo Ubarri for ejecting him from the piece of land he had occupied, which was the only property he possessed. The facts, as set forth by him, were as follows: He was born and resides in Santurce, where he has always lived; is married to Juana Cortijo, is seventy years of age, owing to which he can exercise no profession or trade, and dwells in a hut at the place called 'Seboruco,' in Santurce, without paying rent, neither he nor his wife and children possessing any property or income of any kind. He bases his right on article 14 of the Law of Civil Procedure, and the legal provision whereby persons are to be declared poor whose income,

lanzado del terreno que ocupaba y lo único que poseía, ha venido al estado de pobreza, después de entablado el pleito.

*Resultando.* que agregada la comunicación del Tesorero en su contestación de no constar en los archivos de su oficina se haya hecho pago alguno por cuenta de contribuciones ni directa ni indirectamente por Isaac Soriano, durante el último, ni el actual, año fiscal, contestó Don Pablo Ubarri oponiéndose á la declaratoria porque no hace mucho siguió pleito con él ante el Juzgado Municipal de San Francisco y allí se defendió como rico; que no sabe si después ha ocurrido algo que lo constituya en estado de pobreza y que Ubarri estará y pasará por el resultado de la prueba; dándose por contestada la demanda por el Sr. Fiscal, á instancia del actor.

*Resultando*: que abierto á prueba, de las del actor consta: 1, Certificación del Juez Municipal de San Francisco que la demanda de Ubarri contra Soriano, por desahucio, tiene fecha 17 de Junio de 1901; que el fallo del Tribunal Municipal es de 22 de Agosto del propio año, y la sentencia del Tribunal de Distrito de San Juan es de 18 de Septiembre del mismo año, siendo la diligencia de lanzamiento, de 31 de Octubre de 1901; 2, certificación del Secretario de este Tribunal, de que la demanda de interdicto fué presentada en 19 de Junio de 1901; 3, declaran dos testigos que Soriano vivía del producto de 200 cuerdas y que había un bohío, cocos, leñas y demás cosas, dejando de percibir tales productos al ser lanzado de la finca en el desahucio promovido por Don Pablo Ubarri; que Soriano tiene 70 años y por eso no puede trabajar no declarando sobre este último extremo uno de los testigos.

*Resultando*: de la prueba del demandado Ubarri: 1, Certificación del Secretario del Juzgado Municipal de haber promovido Soriano insolvencia en el desahucio que le siguió aquél y sustanciado se dictó sentencia en 18 de Julio de 1901 declarándola sin lugar con las costas, sin haber interpuesto recurso alguno Soriano; que en el juicio de desahucio por Ubarri promovido consta una boleta de demanda fundada en ser empleado de Ubarri para cuidar una finca y que destituído del empleo se ha negado á desalojar el rancho en que vive y que por precario le concedió 30 días para desocupar siendo además

from whatever source derived, does not exceed double the wages received by a laborer in the locality, and that having been ejected from the land he occupied, which was the only thing he possessed, he has become poor after having brought his action.

"Joining to his answer a communication from the Treasurer to the effect that there was no record in his office of any payment on account of taxes, either directly or indirectly, by Isaac Soriano, during the last and the current fiscal year, Pablo Ubarri opposed the request for permission to sue as a poor person, inasmuch as the petitioner had shortly before instituted proceedings against him in the San Francisco municipal court and prosecuted the same as a person of means, and he was not aware of anything occurring subsequently whereby the petitioner had been reduced to poverty. Ubarri stated that he was willing to abide by the result of the evidence brought forward, which answer was approved by the *Fiscal* at the request of the petitioner.

"Upon the taking of evidence, the following was submitted by the petitioner: 1. Certificate of the municipal judge of San Francisco to the effect that Ubarri's action of unlawful detainer against Soriano was instituted under date of June 17, 1901; that the decision of the municipal court is dated August 22, and the judgment of the District Court of San Juan, September 18 of said year, the dispossession proceedings bearing date of October 31, 1901; 2. Certificate from the clerk of this court to the effect that the summary proceedings were instituted June 19, 1901; 3. Testimony of two witnesses who declared that Soriano lived upon the proceeds of two hundred *cuerdas,* upon which there were a hut, cocoanuts, wood and other things, which products he ceased to enjoy upon being evicted from the estate by reason of the unlawful detainer proceedings instituted by Pablo Ubarri; that Soriano is seventy years of age, and, for this reason, unable to work, as to which latter particular one of the witnesses did not testify.

"On behalf of the defendant Ubarri the following evidence was offered: 1. Certificate of the clerk of the municipal court to the effect that Soriano had requested a declaration of insolvency in the action of unlawful detainer instituted against him by Ubarri, and the matter having been heard, judgment was rendered July 18, 1901, dismissing the same with costs, from which decision no appeal was taken by Soriano; that in the action of unlawful detainer instituted by Ubarri there is on record a complaint based upon the fact that he

requerido por el Juzgado dictándose sentencia en 22 de Agosto del referido año declarando con lugar la demanda, condenando á Isaac Soriano desaloje el bohío dentro de ocho días apercibido de lanzamiento siendo apelada esa sentencia por ^l condenado, la que fué confirmada por el Tribunal de Distrito; 2, certificación del Secretario de este Tribunal de la sentencia mencionada en 18 de Septiembre del tantas veces repetido año 1901 confirmando la apelada con las costas.

*Resultando*: que terminada la prueba el defensor de Ubarri pide la nulidad del juicio por no haberse llenado en la demanda el requisito 3 del Artículo 28, que declarada sin lugar por el Tribunal por los fundamentos que en el acta consta protestó dicho defensor; y continuado el juicio las partes alegaron lo que estimaron convenientes. Siendo Ponente el Juez Presidente Don Juan Morera Martínez.

*Considerando*: que examinada la prueba en conjunto no consta acreditado deban concederse á Isaac Soriano los beneficios que la ley otorga á los que solicitan la defensa por pobre; y que siendo la reclamación que intenta la derivada del lanzamiento del terreno que dice que ocupaba que de autos aparece fué por desahucio en el que solicitó ser defendido como pobre y sustanciado el incidente se declaró sin lugar el concederle el beneficio de pobreza.

*Considerando*: que por ello en su tercer punto de derecho sentó que en ese caso se debe justificar ha venido al estado de pobreza después de entablado el pleito lo que dice concurre en Soriano y extremo no comprobado por no constar fuera dueño del terreno desocupado demostrandolo al tratarse de un desahucio.

*Fallamos*: que debemos declarar y declaramos sin lugar con las costas la demanda de pobreza promovida por Isaac Soriano y absolvemos de ella á Don Pablo Ubarri.

Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos: Juan Morera Martínez, Frank H. Richmond, José Tous Soto".

had been employed by Ubarri to take care of an estate, and having been discharged and thirty days allowed him to quit he had refused to vacate the hut occupied by him without paying rent; that on August 22 of aforesaid year the municipal court had decided the case against Isaac Soriano, who was given eight days to vacate the hut, under admonition of being ejected therefrom in case of failure to do so; and that an appeal having been taken from said decision the same was affirmed by the district court; 2. Certificate from the clerk of this court of the aforesaid judgment of September 18, 1901, affirming the one appealed from with costs.

"After the taking of evidence counsel for Ubarri requested that the trial be annulled, because requisite 3 of article 28 of the Law of Civil Procedure had not been complied with in the complaint, which request having been overruled by the court on the grounds stated in the record, said counsel entered a protest. The hearing was proceeded with, the parties presenting such arguments as were deemed pertinent.

"Presiding Judge Juan Morera Martínez prepared the opinion of the court.

"Upon an examination of the evidence, taken together, it does not appear to have been demonstrated that the benefits allowed by the law to persons who apply for permission to sue or be sued *in forma pauperis* should be conferred upon Isaac Soriano. The claim pursued by him is such as arises out of his eviction from lands which he says he occupied, and from the record it appears that it was in an action of unlawful detainer that he requested the privilege of litigating as a poor person, which request was overruled after hearing the incidental issue.

"For this reason, under his third point of law, he argued that in this case it should be considered as having been proven that he was reduced to poverty after the action had been commenced, which point is not borne out inasmuch as it does not appear that he was the owner of the land vacated, proving such to be the fact in an action of unlawful detainer.

"We hold that we should declare and do declare that the request for permission to litigate as a poor person, made by Isaac Soriano, should be rejected, with costs against the petitioner; Pablo Ubarri being released from responsibility under the complaint.

"Thus by this our judgment do we pronounce, order and sign. Juan Morera Martínez, Frank H. Richmond, José Tous Soto."

*Resultando*: que contra esta sentencia interpuso apelación la representación del demandante Isaac Soriano, la que le fué admitida libremente y en ambos efectos, con citación y emplazamientos de las partes; y que personadas éstas ante este Tribunal Supremo y tramitado en forma el recurso, se señaló día para la vista, á cuyo acto concurrieron los Abogados defensores de las partes y el Fiscal de este Tribunal, que se adhirió al recurso.

Abogado del apelante: *Sr. Freyre* (Luis).

Abogado del apelado: *Sr. Texidor.*

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que si bien con arreglo al Artículo 24 de la Ley de Enjuiciamiento Civil, cuando el actor no haya solicitado la defensa por póbre antes de presentar su demanda, si la pide después, no podrá otorgarsele, si no justifica cumplidamente que ha venido al estado de pobreza después de haber entablado el pleito; encontrándose precisamente en este caso el demandante Isaac Soriano, toda vez que de la prueba practicada resulta que después de entablado el interdicto que tenía promovido contra Don Pablo Ubarri Iramategui, ha sido desahuciado por éste y lanzado de la finca rústica que poseía, y con cuyos productos venía atendiendo á su subsistencia y la de su familia, y apareciendo, además, justificado por las declaraciones de los testigos que declararon en el juicio oral, que no posee otros bienes, ni rentas, y que es un anciano mayor de 70 años, que no puede atender á su subsistencia con el producto de su trabajo personal, tiene perfecto derecho á que se le dispensen los beneficios de la defensa gratuita.

*Vistos* los Artículos 13, 15 y 24 de la Ley de Enjuiciamiento Civil.

From this judgment the representative of the plaintiff, Isaac Soriano, took an appeal, which was allowed for review and for a stay of proceedings, with citation of the parties. The latter having appeared before this Supreme Court, and the appeal having been conducted under the proper procedure, a day was set for the hearing, counsel for both parties being present, as also the *Fiscal* of the Supreme Court, who joined in the appeal.

*Mr. Freyre (Luis)*, for appellant.

*Mr. Texidor*, for respondent.

*Mr. del Toro, Fiscal*, for the People.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

Although according to article 24 of the Law of Civil Procedure, when the plaintiff has not requested permission to prosecute as a poor person before bringing his action, should he request it subsequently, it cannot be granted unless he duly proves that he has become poor after having brought his action, the latter is precisely the case with the plaintiff Isaac Soriano, inasmuch as from the evidence taken it appears that after the summary proceedings instituted by him against Pablo Ubarri Iramategui, an action of unlawful detainer was brought by the latter against him, and he was evicted from the rural estate, with whose products he had been supporting himself and his family; and it being furthermore proven by the testimony of witnesses given at the oral trial that he has no other property or income, and is an old man of over seventy years of age, who cannot support himself with the product of his personal labor, he is perfectly entitled to the privilege of litigating without charge.

In view of articles 13, 15 and 24 of the Law of Civil Procedure, we adjudge that we should reverse and do reverse the

*Fallamos*: que debemos revocar y revocamos la sentencia apelada, declarando al demandante Isaac Soriano póbre para litigar con Don Pablo Ubarri Iramategui, sin especial condenación de costas.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

judgment appealed from, and declare the plaintiff Isaac Soriano poor for the purpose of litigating with Pablo Ubarri Iramategui, without special imposition of costs.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.